IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL DORAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. _____ |
| CFT AMBULANCE | ) |
| SERVICES, INC., | ) Jury Trial Demanded |
| | ) |
| Defendant. | ) |
| _____ | ) |

## COMPLAINT

Plaintiff, MICHAEL DORAN ("Mr. Doran"), sues Defendant, CFT AMBULANCE SERVICES, INC. ("CFT"), and hereby states and alleges that this action is brought to remedy discrimination based on disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§12101, *et seq.*; violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and violations of corresponding laws and rights under Delaware State law; brought under the pendent jurisdiction of the Court, arising from a common set of operative facts.

## PARTIES

1) Plaintiff, Michael Doran, is an adult male who resides in the State of Delaware and was most recently employed by CFT from November 2, 2005 through June 29, 2006.

2) Defendant, CFT, is a Delaware corporation that may be served through its registered agent, Denette Lawson, at 242 North James Street, Suite 200, Newport, Delaware 19804.

**JURISDICTION AND VENUE**

3) The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§1331, 1337, 1343, 2201, and 2202, conferring original jurisdiction upon this Court of any civil action arising under the laws of the United States.

4) Plaintiff also brings under pendent jurisdiction claims arising under the Delaware State Law from a common set of operative facts. Pendent jurisdiction of state law is proper under 28 U.S.C. §§1331, 1332, and 1337 and the pendent jurisdiction doctrine. Fed.R.Civ.P. 18(a). <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715 (1966).

5) Venue properly lies in the District of Delaware pursuant to 28 U.S.C. §1391(b) and §1391(e) because the unlawful employment practices were committed in this judicial district.

6) The Plaintiff fulfilled all conditions precedent to the institution of this action, by filing a timely claim with the Equal Employment Opportunity Commission ("EEOC") and the Delaware Department of Labor ("DDOL").

7) Mr. Doran received a finding of "Reasonable Cause" from the DDOL in December 2007, and received a Right to Sue Notice from the EEOC which is dated April 15, 2008. This action is being filed within ninety (90) days of the date upon the EEOC Right to Sue Notice.

## FACTS COMMON TO ALL COUNTS

8) Mr. Doran began working for CFT as a Paratransit Driver on a recurring basis in 2001. Mr. Doran left his employment at CFT in 2003 because of a cardiac condition that required medical attention. CFT was, at all times relevant to these proceedings, fully aware of Mr. Doran's medical condition and the limitations it created. In particular, Mr. Doran's physician had advised him not to work a full-time schedule, and this information had been made known to Mr. Doran's supervisors at CFT. Mr. Doran's latest period of employment with CFT was November 2, 2005 through June 29, 2006.

9) CFT rehired Mr. Doran in 2005, with the understanding that he would be a part-time employee, and with full knowledge of his cardiac condition and its limitations. The part-time arrangement was necessary due to Mr. Doran's cardiac condition. Despite the part-time arrangement, and despite Mr. Doran's limitations caused by the cardiac condition, he was forced to work greater than full-time, averaging fifty (50) hours per week during the period November 2005 to June 2006. Mr. Doran was never paid overtime for the hours he worked each week in excess of forty (40) hours.

10) On the date of his termination, after working an eight hour shift, Mr. Doran was called by dispatch to pick up an additional two patients. This would add an extra four to five hours onto Mr. Doran's already eight hour shift. Mr. Doran informed dispatch that he was exhausted and did not think he should pick up the additional patients. He was concerned for the safety of the patients as well as himself since he would be driving in such an exhausted state.

11)   Denette Lawson, President of CFT and Mr. Doran's supervisor, called him to demand he pick up the additional patients. Mr. Doran explained to Ms. Lawson that his medical condition prevented him from continuing to work. Ms. Lawson responded by saying she did not care about his condition. She stated that if he did not pick up the patients, he should immediately return to the station, turn in his keys, clock out, and be fired.

12)   Still feeling that it would be unsafe to continue driving for an additional four to five hours, Mr. Doran returned to the station where he was immediately terminated.

13)   At the time of Mr. Doran's termination, CFT had full knowledge of Mr. Doran's medical condition. Mr. Doran left his employment with CFT in 2003 to seek medical attention for his cardiac condition. The doctor stated to Mr. Doran that he should only engage in as much physical exertion as he can tolerate and that he should not engage in extended hours of work. Mr. Doran informed his supervisors at CFT, including Ms. Lawson, about this recommendation before the date of his termination, but this limitation was disregarded by CFT. At no time did anyone from CFT attempt to engage in an interactive process to ascertain Mr. Doran's limitations, or determine what reasonable accommodations would be necessary to allow him to work as a paratransit driver.

14)   Also during the course of his employment with CFT, Mr. Doran notified his supervisors that the vehicles used to transport patients were unsafe. Some vehicles had exhaust coming through the floorboards, others had rusted floors that could be seen through, some were missing straps used to secure patients, and others would break down an average of two to three times per week. One patient even complained to Mr. Doran that she did not want to be transported in one of CFT's vehicles because it appeared to be unsafe. Mr.

Doran made numerous complaints about the condition of the vehicles, some shortly before his termination, but nothing was ever done about the problems. Mr. Doran's termination with the company resulted in part because of these complaints.

15) After being terminated by CFT, Mr. Doran applied for and accepted a position with Urgent Ambulance Service, Inc. ("Urgent"), along with two co-workers from CFT. A few days after being hired, Mr. Doran was informed that he was being terminated. He learned that Ms. Lawson had sent an unsolicited letter to the director of Logisticare, Inc. ("Logisticare"), a company that oversees ambulance services (including CFT and Urgent). The letter discredited Mr. Doran's reputation and suggested that he had been terminated by CFT, at Logisticare's direction, due to a criminal history. At all times relevant, and from his initial hire by CFT in 2001, CFT was well aware of his criminal history and employed him despite this knowledge. A copy of the letter sent by CFT to Logisticare is attached hereto as Exhibit "A" and is incorporated herein by reference.

16) Mr. Doran's termination had nothing to do with his criminal history, and was instead the result of his refusal to work in an unsafe condition, and contrary to his doctor's directions. CFT's allegations concerning Mr. Doran's criminal history, and its affect on his ability to work as a paratransit driver, were later proven false, as Urgent received approval to hire Mr. Doran and did in fact employ him for a period of time as a driver. Mr. Doran is currently unable to work due to his cardiac condition.

## COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

17) The Plaintiff reasserts the allegations in paragraphs 1) through 16) and incorporates these by reference as if set forth herein.

18) At all times relevant to this action Mr. Doran was a qualified person with a disability within the meaning of the American's with Disabilities Act ("ADA").

19) Mr. Doran was able to perform the essential functions of his position at CFT, a paratransit driver, either with or without a reasonable accommodation.

20) Despite being fully informed of his condition, CFT never made any attempt to engage in an interactive process to ascertain Mr. Doran's limitations or to explore a reasonable accommodation of his condition.

21) CFT discriminated against Mr. Doran on the basis of his disability by firing him because his disability prevented him from extending the length of his shift by four or five hours.

## COUNT II: VIOLATION OF FAIR LABOR STANDARDS ACT

22) The Plaintiff hereby incorporates the allegations in paragraphs 1) through 21) and incorporates these by reference as if set forth herein.

23) CFT is an "employer" as that term is defined by the Fir Labor Standards Act ("FLSA").

24) At no time was Mr. Doran an "exempt employee" as that term is defined by the FLSA.

25) During his employment with CFT, including the most recent period of employment (November 2005 to June 2006), Mr. Doran worked an average of 50 hours per week.

26) While Mr. Doran received pay for all hours worked at his regular rate of pay ($11.00 per hour) he never received any overtime for hours worked in excess of 40.

27) At all times relevant to these proceedings, CFT had actual or constructive knowledge of its failure and/or refusal to pay overtime at the correct rate, and such knowledge constitutes a willful violation of the FLSA.

28) Pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), Plaintiff is entitled to receive payment for all hours over overtime worked for CFT, plus an award of liquidated damages in an amount equal to the amount of the unpaid overtime, all reasonable attorney's fees, and all costs of this action.

### COUNT III: VIOLATION OF WHISTLEBLOWER'S PROTECTION ACT

29) The Plaintiff reasserts the allegations in paragraphs 1) through 28) and incorporates these by reference as if set forth herein.

30) The Whistleblower's Protection Act ("Act"), 19 Del.C. §1701 *et. seq.*, prevents an employer from discharging or discriminating against an employee because that employee reports to the employer or to the employee's supervisor a violation that the employee knows or reasonably believes has occurred. 19 Del.C. §1703(4).

31) CFT is an "employer" as defined in the Act. 19 Del.C. §1702(2).

32) Mr. Doran is considered an "employee" as the term is defined in the Act. 19 Del.C. §1702(1).

33) Mr. Doran verbally reported to his supervisor at CFT, on numerous occasions, that the vehicles that were used to transport the patients were not safe and needed to be fixed. Mr. Doran also advised CFT that he could not work overtime on the day of his termination (due to his cardiac condition).

34) The verbal reports about the vehicles were made shortly before his termination in June 2006. The objection to working excess hours was made the day of his termination.

35) CFT discharged Mr. Doran from his employment in part because of the complaint made about the transport vehicles, and in part due to his refusal to work in violation of the restrictions imposed by his physician. This conduct violates the Delaware Whistleblower Protections Act, entitling Mr. Doran to the relief set forth therein, and as may be reasonably interpreted from the statute.

### COUNT IV: DEFAMATION

36) The Plaintiff reasserts the allegations in paragraphs 1) through 35) and incorporates these by reference as if set forth herein.

37) CFT sent a written letter to Logisticare (Exhibit "A" hereto) that contained statements diminishing the respect, esteem, and confidence in which Mr. Doran is held. The letter has caused bad feelings and opinions about Mr. Doran.

38) The letter sent by CFT was defamatory because it deterred Urgent from associating with, dealing with, or hiring Mr. Doran.

39) The letter was not sent to Mr. Doran, but to a third party, Logisticare, and is therefore a publication that is defamatory.

### COUNT V: TORTIOUS INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP

40) The Plaintiff reasserts the allegations in paragraphs 1) through 39) and incorporates these by reference as if set forth herein.

41) CFT wrote a letter to Logisticare in hopes that Mr. Doran would not be able to seek future employment in the patient transportation industry.

42) Mr. Doran had been hired by Urgent, as a patient transport driver, but was subsequently fired after Logisticare received the letter from CFT.

43) Because CFT's letter is the direct cause of Mr. Doran's inability to seek employment, CFT is responsible to Mr. Doran for improperly inducing or intentionally causing Urgent not to perform the employment contract with Mr. Doran.

### COUNT VI: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING IN AN EMPLOYMENT CONTRACT

44) The Plaintiff reasserts the allegations in paragraphs 1) through 43) and incorporates these by reference as if set forth herein.

45) CFT, harbored ill will toward Mr. Doran since he was not able to extend the length of his shift because of a disability.

46) CFT intended to and did cause harm to Mr. Doran. CFT fired Mr. Doran from his position as a driver because of a medical condition. Also, CFT wrote a defamatory letter that precluded Mr. Doran from obtaining subsequent employment.

47) CFT did these acts intentionally and caused Mr. Doran to be fired from his employment at CFT as well as at Urgent.

WHEREFORE, Plaintiff Michael Doran demands judgment in his favor and against Defendant CFT Ambulance Services, Inc. in the form of :

(a)  Compensatory damages;

(b)  Punitive damages;

(c)  Back pay;

(d)  Front pay;

(e)  Liquidated damages under the Fair Labor Standards Act;

(f)  Punitive damages;

(g)  Damages caused by CFT's violations of the various statutory and common law claims set forth herein;

(h)  All costs and expenses of this action, including but not limited to court costs, reasonable attorney's fees, expert fees, and other costs and expenses as appropriate; and

(i)  Such further relief as the Court deems is just and equitable.

LAW OFFICES OF G. KEVIN FASIC

By: /s/ G. Kevin Fasic
G. Kevin Fasic, Esquire (DE 3496)
1225 King Street, Suite 200
Legal Arts Building
Wilmington, DE 19801
(302) 654-4501 - Telephone
(302) 654-4406 - Facsimile
k.fasic@lawgkf.com - E-Mail

Dated: June 24, 2008

# EXHIBIT A



# C.F.T. Ambulance Service

www.cftambulance.com

| 242 N. James St. | 510 E. Barnard Street #17-A | 1203 College Road, |
| Suite 200 Tower Office Park | West Chester, PA 19381 | Suite 104 |
| Newport, Delaware 19804 | (610) 692-3006 | Dover, DE 19901 |
| (302) 832-2100 | Fax: (302) 892-9404 | (302) 734-9377 |
| Fax: (302) 892-9404 | 1-888-772-1800 | 1-888-772-1800 |
|  |  | Fax: (302) 734-9467 |

September 14, 2006

Bill Savidge, Director
1012 College Road
Dover, DE 19904

Dear Mr. Savidge,

    At CFT Ambulance Service we are diligent to abide by all emergency and non-emergency regulations put forth by the state of Delaware and Logisticare, Inc. We believe that complying with these regulations ensures quality treatment and service for the public who rely on our services. In this regard, we have recently had to release several of our employees due to non-compliance with regulations stated both by the state and by our company's own standard operating procedures.

    It has come to our attention that many of the individuals released from CFT because of prior illegal activities are still working within the field of patient transport. It would seem that the majority of them have been offered positions by Urgent Ambulance Company. These are individuals whom we have learned have extensive criminal alerts on their records. We simply find it alarming that another patient transport company would allow these persons to continue to be in charge of caring for others who are already in positions of weakness and vulnerability.

    The following is a list of persons whom CFT felt ethically obligated to terminate from employment due to past illegal conduct:

1. Dale Brown
2. William Doran
3. Michael Doran

    While at CFT we are adhering to Delaware and Logisticare regulations, we question if other companies are doing the same. In the past, Logisticare has requested that CFT lay off certain employees with criminal histories, and in each case we have complied although it resulted in considerable loss of training, time, and expense for us. However, it appears that the standards for employment imposed at CFT are not the ones being imposed for other patient transportation providers in our area. We hope that this only represents a lack of information on Logisticare's part, and not a policy of preferential treatment. CFT looks forward to continuing to work together with Logisticare to ensure the highest levels of care, attention, and professionalism, not only in our company but also across our industry.

    Please feel free to contact our organization if you have further questions pertaining to this delicate matter.

Sincerely,

Denette Lawson
President-CFT Ambulance Services-DE

Attachments
cc: Aundrey Edwards
cc: Division of Long Term Care

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Michael Doran

## DEFENDANTS
CFT Ambulance Services, Inc.

**(b)** County of Residence of First Listed Plaintiff: **New Castle**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **New Castle**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
G. Kevin Fasic, Esq., Law Offices of G. Kevin Fasic LLC
1225 N King St., Ste 200, Wilmington, DE 19801  302-654-4501

Attorneys (If Known)
Kevin Mann, Esq., Cross & Simon, LLC, 302-777-4200 x 105
913 N Market St., 11th Floor, Wilmington, DE 19801

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 12101. et seq. and 29 U.S.C. 201. et seq.
Brief description of cause:
Discrimination based on disability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 6-24-08
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. **08-380**

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

__6/24/08__     X _Matt Dougherty_
(Date forms issued)     (Signature of Party or their Representative)

X _Matt Dougherty_
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action