IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL DORAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 08-380-UNA |
| | ) | |
| CFT AMBULANCE SERVICE, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant, by and through the undersigned counsel, hereby answers Plaintiff's Complaint as follows:

1. Defendant lacks sufficient information to admit or deny the truth of the allegations in this paragraph.

2. Admitted.

3. Admitted that this Court has subject matter jurisdiction over the federal claims. The remaining allegations of this Paragraph state legal conclusions requiring no response.

4. The allegations of this Paragraph state legal conclusions requiring no response.

5. The allegations of this Paragraph state legal conclusions requiring no response.

6. Defendant lacks sufficient information to admit or deny the truth of the allegations in this Paragraph.

1

7. Defendant lacks sufficient information to admit or deny the truth of the allegations in this Paragraph.

8. Defendant admits that Plaintiff's employment ceased in 2006. Defendant denies the remainder of the allegations in this Paragraph.

9. Denied.

10. Denied as stated.

11. Denied.

12. Defendant lacks sufficient information to admit or deny the truth of the allegations in this Paragraph.

13. Denied.

14. Denied.

15. Defendant admits to sending the letter to Logisticare, Inc., attached as Exhibit "A" to the Complaint. The remaining allegations of this Paragraph are denied.

16. Defendant denies Plaintiff's allegation that the termination of Plaintiff's employment had nothing to do with his criminal history but was instead the result of his refusal to work in an unsafe condition and contrary to his doctor's directions. Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations of this Paragraph.

## COUNT I

17.    Defendant hereby incorporates their responses to paragraphs 1 through 16 above.

18.    Denied. The allegations contained in this Paragraph state legal conclusions requiring no response.

19.    Denied. By way of further answer, the allegations contained in this Paragraph state legal conclusions requiring no response.

20.    Denied. By way of further answer, the allegations contained in this Paragraph state legal conclusions requiring no response.

21.    Denied. By way of further answer, the allegations contained in this Paragraph state legal conclusions requiring no response.

## COUNT II

22.    Defendant hereby incorporates their responses to paragraphs 1 through 21 above.

23.    The allegations of this paragraph state legal conclusions requiring no response.

24.    The allegations of this paragraph state legal conclusions requiring no response.

25.    Denied.

26.    Admitted in part, denied in part. It is admitted that Plaintiff received pay for all hours worked. The remaining allegations of this Paragraph are denied.

27. Denied. By way of further answer, the allegations of this paragraph state legal conclusions requiring no response.

28. The allegations of this paragraph state legal conclusions requiring no response.

**COUNT III**

29. Defendant hereby incorporates their responses to paragraphs 1 through 28 above.

30. The allegations of this paragraph state legal conclusions requiring no response. It is specifically denied that Plaintiff is entitled to any relief under the Whistleblower's Protection Act.

31. The allegations of this paragraph state legal conclusions requiring no response.

32. The allegations of this paragraph state legal conclusions requiring no response.

33. Denied.

34. Denied.

35. Defendant denies that Mr. Doran was discharged from his employment with CFT in part because of the complaints made about the transport vehicles, and in part due to his refusal to work in violation of the restrictions imposed by his physician. It is denied that Plaintiff is entitled to any relief under the Delaware Whistleblower Protections Act.

## COUNT IV

36. Defendant hereby incorporates their responses to paragraphs 1 through 35 above.

37. Defendant admits to sending a letter to Logisticare, but denies the remaining allegations of this Paragraph.

38. Denied. The allegations of this paragraph state legal conclusions requiring no response.

39. The allegations of this Paragraph state legal conclusions requiring no response.

## COUNT V

40. Defendant hereby incorporates their responses to paragraphs 1 through 39 above.

41. Defendant admits to sending a letter to Logisticare, but denies the remaining allegations of this Paragraph.

42. Defendant admits that they were aware Mr. Doran was offered a position with Urgent. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph.

43. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph. By way of further answer, the allegations contained in this paragraph state conclusions of law to which no response is required.

## COUNT VI

44. Defendant hereby incorporates their responses to paragraphs 1 through 43 above.

45. Denied.

46. Defendant admits to sending a letter to Logisticare, but denies the remaining allegations of this Paragraph.

47. Denied. By way of further answer, the allegations contained in this paragraph state conclusions of law which require no response.

## AFFIRMATIVE DEFENSES

A. The Complaint fails to state a claim upon which relief may be granted.

B. Defendant's actions were taken for legitimate business reasons that were non-discriminatory.

C. Plaintiff is not a qualified individual with a disability under the ADA.

D. Plaintiff failed to engage in the interactive process to determine a possible accommodation, and any accommodation request would have been unreasonable or caused an undue hardship.

E. Plaintiff has failed to mitigate his damages.

F. Plaintiff failed to act with reasonable care to take advantage of the preventive and corrective opportunities provided by Defendant regarding alleged unlawful

      workplace discrimination and/or harassment and to otherwise prevent harm that could have been avoided.

G.     Some or all of the Plaintiff's claims and/or remedies are barred by the after-acquired evidence doctrine and, in particular, as a result of the misrepresentations made by Plaintiff to Defendant during the hiring process.

H.     Plaintiff's claims are barred by the appropriate statute of limitations.

I.     Plaintiff's claims are barred by the doctrine of laches.

J.     At all material times hereto, Defendant acted reasonably, prudently and consistently with any and all duties and obligations imposed upon it by law or otherwise.

K.     Defendant did not deprive Plaintiff of any right owing to him under the laws of the United States or the State of Delaware.

L.     This action is barred with respect to any claim that is not part of the charge/complaint filed with Equal Employment Opportunity Commission and/or the Delaware Department of Labor.

M.     Plaintiff has failed to administratively exhaust his claims against Defendant.

N.     Plaintiff's claims are barred, in whole or in part, because he failed to follow the appropriate internal procedures to raise his claims.

O. Defendant asserts all applicable defenses available to it under Delaware Common Law.

P. Defendant asserts all applicable defenses available to it under the Statutes, Rules and Regulations of Delaware.

Q. Some or all of Plaintiff's purported claims are barred because, even if the Defendant was found to have considered any impermissible factors and any decisions or actions with respect to Plaintiff, which Defendant denies, no such decisions were motivated by any impermissible factors.

R. Plaintiff is not entitled to some or all of the relief requested in his Complaint because even if Defendant was found to have considered any impermissible factors in any decision or actions with respect to the Plaintiff, which Defendant denies, Defendant would have taken the same action with regard to Plaintiff's employment, regardless of improvement of above factors.

S. Plaintiff's claims for damages are limited in whole or by part by statute.

T. Plaintiff's claims for damages are limited in whole or in part by Delaware Common Law.

U. Some or all of the Plaintiff's purported claims set forth in Plaintiff's Complaint are subject to set off, offset and/or recoupment.

V. At all times relevant hereto, Plaintiff was an employee at will of Defendant.

W. Plaintiff's claims were barred by the doctrine of estoppel.

WHEREFORE, Defendant respectfully requests that this action be dismissed with prejudice, with costs and attorneys' fees assessed against Plaintiff.

Respectfully submitted,

**MARGOLIS EDELSTEIN**

*/s/ Herbert W. Mondros*
_____
Herbert W. Mondros, Esquire (#3308)
750 Shipyard Drive, Suite 102
Wilmington, DE 19801
(302) 888-1112 – telephone
(302) 888-1119 – facsimile
hmondros@margolisedelstein.com
Attorney for Defendant CFT
Ambulance Services, Inc.

DATED: August 11, 2008