IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICHAEL DORAN,                        :
                                      :
            Plaintiff,                :
                                      :
      v.                              :   C.A. No. 08-380-JJF
                                      :
CFT AMBULANCE SERVICE, INC.           :
                                      :
            Defendant.                :

---

G. Kevin Fasic, Esquire, of COOCH & TAYLOR P.A., Wilmington, Delaware.

Attorney for Plaintiff.

Herbert W. Mondros, Esquire, of MARGOLIS EDELSTEIN, Wilmington, Delaware.

Attorney for Defendant.

**MEMORANDUM OPINION**

May 11, 2010
Wilmington, Delaware

Farnan, District Judge.

Presently before the Court is Defendant CFT Ambulance Service, Inc.'s Motion To Dismiss For Failure Of The Plaintiff To Prosecute (D.I. 24). For the reasons to be discussed, Defendant's Motion will be denied.

## I. Background

Plaintiff Michael Doran ("Plaintiff") initiated this action on June 24, 2008. (D.I. 1.) Plaintiff was employed by Defendant CFT Ambulance Service, Inc. ("Defendant") as a Paratransit Driver on a recurring basis from 2001 through 2003, and on a part-time basis, beginning in November 2005 and ending with his termination in June 2006. (Id. ¶ 8.) Plaintiff asserts numerous claims against Defendant with regard to his employment and termination, including violations of the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq., Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and Delaware Whistleblowers' Protections Act, 19 Del. C. § 1701, et seq., as well as defamation, tortuous interference with a contractual relationship, and breach of the implied duty of good faith and fair dealing in an employment contract.

A Scheduling Order was entered on September 3, 2008, providing for the close of discovery on May 29, 2009, and deadlines of July 31, 2009 and August 31, 2009 for the filing of expert reports by Plaintiff and Defendant, respectively. (D.I. 7.) Further, the Scheduling Order provided that case dispositive

motions were due on or before October 30, 2009. (<u>Id.</u>) The docket in this action indicates that the parties exchanged discovery requests in October 2008 (D.I. 12-15), and that Defendant served its objections and responses on Plaintiff in December 2008 (D.I. 16-17). From that time until October 30, 2009, the date on which Defendant filed the present Motion, no activity by Plaintiff had been entered on the docket.

## II. Legal Standard

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action "[i]f the Plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b); <u>see also</u> D. Del. R. 41.1 ("in each case pending wherein no action has been taken for a period of three months, the Court may, on its motion or upon application of any party, and after reasonable notice and opportunity to be heard, enter an order dismissing such case unless good cause for the inaction is given").

The following six factors determine whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6)

the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). The Court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. See Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002)(affirming dismissal for failure to prosecute although not every factor weighed against the plaintiff). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the Poulis factors are not satisfied. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1998).

Dismissal for failure to prosecute is an extreme sanction that is only appropriate in limited circumstances, and doubts should be resolved in favor of reaching a decision on the merits. Adams v. Trs. of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 870 (3d Cir. 1994)(internal citations omitted).

### III. Parties' Contentions

By its Motion, Defendant contends that the Poulis factors weigh in favor of dismissal in this action. (D.I. 24 ¶ 11.) Defendant contends that the delays are attributable solely to Plaintiff, that no reasonable excuse exists for the delays, and that the only effective sanction is dismissal. (Id.) Further, Defendant contends that there is no evidence of any wrongdoing by Defendant in the record, aside from Plaintiff's allegations, and that Defendant has been prejudiced by the unsupported and

3

unprosecuted claims against it. (Id.) Defendant also notes that over a year has passed since Plaintiff has taken any action, other than requesting an extension of the discovery deadlines. (Id. ¶ 12.)

Plaintiff opposes dismissal for failure to prosecute, and contends that Plaintiff has interviewed witnesses and complied with Defendant's discovery requests. (D.I. 25 ¶ 8.) According to Plaintiff, this case can be ready for trial quickly because Plaintiff does not intend to call any expert witnesses and only needs to take a limited number of depositions. (Id. ¶¶ 7, 8, 13.) Plaintiff's counsel also states that his understanding was that the parties had agreed to an extension of discovery. (Id. ¶ 8.) In any event, Plaintiff's counsel assumes full responsibility for the delays in this case, and maintains that they are not due to Plaintiff himself. (Id. ¶¶ 8, 11.) Moreover, Plaintiff contends that there has been no history of dilatoriness by Plaintiff's counsel, that the delays were not the result of bad faith, that there has been no prejudice to Defendant, and that Plaintiff has meritorious claims. (Id. ¶ 11.)

## IV. Discussion

Upon consideration of all relevant factors, the Court concludes that dismissal is not warranted in this instance. First, Plaintiff's counsel has accepted responsibility for the

4

delays in prosecuting this action, and Plaintiff himself bears no personal responsibility.  Second, Defendant has been prejudiced by Plaintiff's actions in that discovery has been stalled and Defendant has not been able to proceed towards trial.  However, this prejudice is somewhat mitigated by Plaintiff's representations that it does not intend to call any expert witnesses and needs only minimal additional discovery to be ready for trial.  As to the third and fourth factors, there is no evidence of a history of dilatoriness by Plaintiff's counsel or bad faith on Plaintiff's part.  With regard to the fifth factor, other sanctions besides dismissal could potentially be imposed, but the Court does not consider them warranted in light of Plaintiff's counsel's full acceptance of responsibility for delays in prosecuting this action.  Finally, the Court finds that the sixth factor is neutral because the record is too sparse to address the merits of Plaintiff's claims.  Because the Poulis factors, on the whole, weigh against dismissal, and dismissal is an extreme sanction appropriate in only the most egregious cases, Defendant's Motion will be denied.

In addition, the parties will be ordered to confer and submit a revised Scheduling Order, and any outstanding discovery disputes should be properly addressed in a motion to compel.

### V.     Conclusion

For the reasons discussed, Defendant's Motion To Dismiss For

5

Failure Of The Plaintiff To Prosecute will be denied.

An appropriate Order will be entered.